**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SRAM, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. _____ |
| | ) | |
| RACE FACE PERFORMANCE | ) | |
| PRODUCTS, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

**COMPLAINT FOR PATENT AND TRADEMARK INFRINGEMENT**

COMES NOW Plaintiff SRAM, LLC ("SRAM") and for its Complaint for Patent and Trademark Infringement against Defendant Race Face Performance Products ("Race Face"), states as follows:

**PARTIES**

1.     SRAM is a limited liability company organized and existing under Delaware law and has its principal place of business at 1000 West Fulton Market, 4th Floor, Chicago, Illinois 60607.

2.     On information and belief, Defendant Race Face is a Canadian sole proprietorship, with its principal place of business at 3145 Thunderbird Crescent, Burnaby, British Columbia, Canada V5A 3G1.

**JURISDICTION AND VENUE**

3.     This is a civil action brought by SRAM for patent and trademark infringement committed by Defendant Race Face and arising under the patent and trademark laws of the United States, specifically, Titles 15 and 35 of the United States Code.

4.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

5.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b).

6.      A substantial part of the events giving rise to SRAM's claims occurred in this District.

7.      Defendant Race Face may be found and/or resides in this District by virtue of its activities in this District.

8.      Directly and/or through intermediaries, Defendant Race Face sells and distributes bicycle components, including bicycle chainrings, in the United States and in this District.

9.      More specifically, Defendant Race Face makes, uses, sells, offers for sale, and/or imports into the United States products advertised as direct mount bicycle chainrings with "Narrow Wide tooth profiling" to "ensur[e] ultimate chain retention," and further described on its website at http://www.raceface.com/components/rings/rings/direct-mount-ring/ and http://www.raceface.com/components/rings/rings/direct-mount-ring-sram/, with examples shown below (hereinafter "Race Face Chainring" or "Race Face Chainrings"):





10.     The Race Face Chainrings have been sold in, offered for sale in, and/or imported into the United States and/or in this District by Defendant Race Face or an authorized agent thereof.

11.     Defendant Race Face's bicycle components, such as the Race Face Chainrings, are available for purchase or offered for sale at bicycle shops and stores in the United States and in this District.

12.     Defendant Race Face advertises its bicycle components, such as the Race Face Chainrings, in the United States and in this District.

13.     Defendant Race Face's bicycle components, such as the Race Face Chainrings, are placed on bicycles in the United States and in this District.

14.     Defendant Race Face's bicycle components, such as the Race Face Chainrings, are intended to operate as advertised on Defendant Race Face's website (www.raceface.com) and as described in its associated marketing materials.

15.     Defendant Race Face has committed acts of patent infringement in this District.

16.     Defendant Race Face, directly and/or through intermediaries, has for a time past and still is purposefully shipping, selling, and/or offering for sale, whether alone or as part of an end product, the Race Face Chainrings in the United States and the State of Illinois, and, more specifically, in this judicial district in competition with SRAM's products.

## BACKGROUND

17.     United States Patent No. 9,182,027 B2 ("the '027 patent") issued on November 10, 2015, bearing the title "CHAINRING" and naming Markus Reiter, Raymond Florczyk, and Henrik Braedt as inventors.  A copy of the '027 patent is attached hereto as Exhibit A.

18.     SRAM is the owner by assignment of all right, title and interest in and to the '027 patent and has full and exclusive right to bring suit and enforce the '027 patent and to collect damages for infringement.  SRAM thus has standing to sue for infringement of the '027 patent.

19.     The '027 patent claims the invention of a bicycle chainring having particular features, as set forth in columns 6 through 10 of the '027 patent.

20.     The Race Face Chainring is a bicycle chainring for engagement with a drive chain.

21.     The Race Face Chainring has a plurality of teeth formed about a periphery of the chainring.

22.     The plurality of teeth of the Race Face Chainring includes a first group of teeth and a second group of teeth.

23.     Each of the first group of teeth of the Race Face Chainring is wider than each of the second group of teeth of the Race Face Chainring.

4

24.     At least some of the second group of teeth of the Race Face Chainring are arranged alternatingly and adjacently between the first group of teeth of the Race Face Chainring.

25.     Each of the plurality of teeth of the Race Face Chainring includes a tooth tip.

26.     A plane bisects the Race Face Chainring into an outboard side and an inboard side opposite the outboard side.

27.     At least the majority of the tooth tip of at least one of each of the first and second groups of teeth of the Race Face Chainring is offset from the plane in a direction toward the inboard side of the Race Face Chainring.

28.     The center of a top land of at least one of each of the first and second groups of teeth of the Race Face Chainring is offset from the plane in a direction toward the inboard side of the Race Face Chainring.

29.     The Race Face Chainring can engage with a roller drive chain having alternating outer and inner chain links defining outer and inner link spaces, respectively.

30.     Each of the first group of teeth of the Race Face Chainring is sized and shaped to fit within one of the outer link spaces of the roller drive chain.

31.     Each of the second group of teeth of the Race Face Chainring is sized and shaped to fit within one of the inner link spaces of the roller drive chain.

32.     Each of the first group of teeth of the Race Face Chainring fills at least 75 percent of an axial distance defined by the outer link spaces of the roller drive chain.

33.     Each of the second group of teeth of the Race Face Chainring fills at least 75 percent of an axial distance defined by the inner link spaces of the roller drive chain.

34.     The Race Face Chainring can be part of a bicycle crankset, such that the crankset includes a crank arm and a solitary bicycle chainring (namely the Race Face Chainring) attached to the crank arm.

35.     The Race Face Chainring can be part of a bicycle drivetrain, such that the drivetrain includes a plurality of rear hub mounted sprockets, a roller drive chain connecting one of the plurality of sprockets to the Race Face Chainring, and the drive chain includes alternating outer and inner chain links defining outer and inner link spaces, respectively.

36.     The Race Face Chainring includes an outboard side and an inboard side opposite the outboard side.

37.     The outboard side of the Race Face Chainring includes an outboard side surface.

38.     A portion of the outboard side surface of the outboard side of the Race Face Chainring forms a plane.

39.     The inboard side of the Race Face Chainring includes an inboard side surface.

40.     A portion of the inboard side surface of the Race Face Chainring forms a plane.

41.     At least a majority of the tooth tip of at least one of each of the first and second groups of teeth of the Race Face Chainring is disposed closer to the plane formed by the inboard side surface of the Race Face Chainring than to the plane formed by the outboard side surface of the Race Face Chainring.

42.     The center of a top land of at least one of each of the first and second groups of teeth of the Race Face Chainring is disposed closer to the plane formed by the inboard side surface of the Race Face Chainring than to the plane formed by the outboard side surface of the Race Face Chainring.

43.     The outboard side of the Race Face Chainring can be the outermost side of the chainring and the inboard side of the Race Face Chainring can be the innermost side of the chainring.

44.     Defendant Race Face makes bicycle chainrings, including the Race Face Chainrings identified above, to persons for use in the United States.

45.     Defendant Race Face uses bicycle chainrings, including the Race Face Chainrings identified above, to persons for use in the United States.

46.     Defendant Race Face sells bicycle chainrings, including the Race Face Chainrings identified above, to persons for use in the United States.

47.     Defendant Race Face offers to sell bicycle chainrings, including the Race Face Chainrings identified above, to persons for use in the United States.

48.     Defendant Race Face imports and/or otherwise provides bicycle chainrings, including the Race Face Chainrings identified above, to persons for use in the United States.

**COUNT I**
**(Infringement of U.S. Patent No. 9,182,027 B2 by Defendant Race Face)**

49.     SRAM hereby incorporates, as though fully set forth herein, the allegations of paragraphs 1 through 48 of this Complaint.

50.     Defendant Race Face has infringed and continues to infringe the '027 patent by making, using, selling, and/or offering for sale within the United States or importing into the United States systems that embody one or more of the claims of the '027 patent, including at least claims 7-12 and 20-26 of the '027 patent, and/or by contributing to infringement, inducing others to infringe the '027 patent, and/or carrying acts constituting infringement under 35 U.S.C. § 271(f).

51.     On information and belief, Defendant Race Face knew of SRAM's patent-pending technology relating to bicycle chainrings, including the application giving rise to the '027 patent, before the initiation of the present action and therefore Race Face's actions have been both willful and deliberate.

52.     Defendant Race Face has had knowledge of the '027 patent since at least the filing date of this Complaint.

53.     Defendant Race Face will continue to willfully infringe the '027 patent unless enjoined by this Court, which has resulted and will continue to result in irreparable harm to SRAM.

54.     As a direct and proximate result of the infringement by Defendant Race Face of the '027 patent, SRAM has been and continues to be damaged in an amount yet to be determined.

## COUNT II
### (Violation of the Lanham Act, 15 U.S.C. § 1125(a))

55.     SRAM hereby incorporates, as though fully set forth herein, the allegations of paragraphs 1 through 54 of this Complaint.

56.     SRAM has common-law trademark rights in the marks "SRAM" and "GXP" in connection with bicycle parts and components, including but not limited to gear shifting mechanisms and cranksets.

57.     SRAM has federal trademark registrations for the marks "SRAM" and "GXP" in connection with bicycle parts and components, including but not limited to gear shifting mechanisms and cranksets, such as U.S. Reg. No. 2,056,661 for "SRAM" and U.S. Reg. No. 3,973,567 for "GXP."

58.     Defendant Race Face has marked certain of the Race Face Chainrings with SRAM's trademarks, including "SRAM" and "GXP".

59.     Defendant Race Face's marking of its Race Face Chainrings with SRAM's trademarks falsely suggest that SRAM is the source of, endorses, or is otherwise associated with the Race Face Chainrings.

60.     Defendant Race Face's marking of its Race Face Chainrings with SRAM's trademarks constitute false or misleading descriptions of fact, or false or misleading representations of fact, in commercial advertising or promotion and in commerce.

61.     Defendant Race Face's marking of its Race Face Chainrings with SRAM's trademarks is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant Race Face with SRAM, or as to the origin, sponsorship, or approval of the Race Face Chainrings by SRAM.

62.     Defendant Race Face's marking of its Race Face Chainrings with SRAM's trademarks, in commercial advertising or promotion, misrepresent the nature, characteristics, qualities, or geographic origin of the Race Face Chainrings.

63.     Defendant Race Face's actions are likely to cause confusion among consumers of bicycle chainrings.

64.     Defendant Race Face's false and misleading commercial advertising and promotion, which were made in bad faith, violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

65.     As a direct and proximate result of Defendant Race Face's aforementioned actions, SRAM has been damaged, will continue to be damaged, and have been and will continue to be caused irreparable injury unless Defendant Race Face is enjoined by this Court.

## COUNT III
### (Violation of the Lanham Act, 15 U.S.C. § 1114)

66. SRAM hereby incorporates, as though fully set forth herein, the allegations of paragraphs 1 through 65 of this Complaint.

67. Defendant Race Face's marking of its Race Face Chainrings with "SRAM" and "GXP" are counterfeit marks under 15 U.S.C. §§ 1114 et seq., meaning that they are spurious marks that are identical with, or substantially indistinguishable from the registered marks of SRAM.

68. SRAM's trademarks for "SRAM" and "GXP" are registered on the Principal Register of the United States Patent and Trademark Office in connection with identical goods or services for which Defendant Race Face is using these marks.

69. Defendant Race Face was not authorized by SRAM to use the marks at the time that the goods were manufactured or produced.

70. Defendant Race Face acted with knowledge and intent in marking its Race Face Chainrings with SRAM's registered marks.

71. As a direct and proximate result of Defendant Race Face's aforementioned actions, SRAM has been damaged, will continue to be damaged, and have been and will continue to be caused irreparable injury unless Defendant Race Face is enjoined by this Court.

### REQUEST FOR RELIEF

WHEREFORE, SRAM respectfully prays for judgment against Defendant Race Face as follows:

A. For a judgment holding Defendant Race Face liable for infringement of the '027 patent;

B. For an award of damages adequate to compensate SRAM for Defendant Race Face's infringement of the '027 patent, including treble damages and other damages allowed by 35 U.S.C. § 284;

C.  For injunctive relief enjoining Defendant Race Face, their officers, agents, servants, employees and attorneys and all other persons in active concert or participation with them as follows:

(i)  from manufacturing any products falling within the scope of the claims of the '027 patent;

(ii)  from using any product falling within the scope of any of the claims of the '027 patent;

(iii)  from selling, offering to sell, licensing or purporting to license any product falling within the scope of any of the claims of the '027 patent;

(iv)  from importing any product into the United States which falls within the scope of the '027 patent;

(v)  from actively inducing others to infringe any of the claims of the '027 patent;

(vi)  from engaging in acts constituting contributory infringement of any of the claims of the '027 patent; and

(vii)  from all other acts of infringement of any of the claims of the '027 patent;

D.  That Defendant Race Face be ordered to deliver up for destruction all infringing products in their possession;

E.  That this be declared an exceptional case and that SRAM be awarded its attorneys' fees against Defendant Race Face pursuant to 35 U.S.C. § 285;

F.  For injunctive relief against Defendant Race Face, their officers, agents, servants, employees and attorneys and all other persons in active concert or participation with them as follows:

(i)  restraining Defendant Race Face and those in active concert with them from falsely marking and advertising bicycle components, including chainrings, with SRAM's trademarks in violation of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a);

(ii)  restraining Defendant Race Face and those in active concert with them from selling, shipping or distributing any Race Face chainrings marked with SRAM's trademarks; and

(iii)    requiring Defendant Race Face to undertake appropriate corrective advertising to counter the effects of their Lanham Act violations.

G.    For a seizure of the goods and counterfeit marks involved in Defendant Race Face's violation of 15 U.S.C. § 1114 and the means of making such marks, and records documenting the manufacture, sale, or receipt of things involved in such violation, pursuant to 15 U.S.C. § 1116;

H.    For an award of damages based on Defendant Race Face's profits, pursuant to 15 U.S.C. § 1117;

I.    For an award of such damages as SRAM has sustained as a consequence of Defendant Race Face's false and misleading statements, pursuant to 15 U.S.C. § 1117 and other applicable law;

J.    For an award of up to three times the amount of actual damages, pursuant to 15 U.S.C. § 1117;

K.    For an award of up to three times Defendant Race Face's profits or SRAM's damages, whichever amount is greater, pursuant to 15 U.S.C. § 1117;

L.    For an award, at SRAM's election, of statutory damages of up to $1,000,000 per infringement, pursuant to 15 U.S.C. § 1117;

M.    For an award of SRAM's costs of this action and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117 and other applicable law; and

N.    For such further relief as this Court deems SRAM may be entitled to in law and in equity.

## JURY DEMAND

Plaintiff SRAM demands a trial by jury as to all claims and all issues properly triable thereby.

Dated:  December 17, 2015                    Respectfully submitted,


                                             **REED SMITH LLP**

                                             By:     /s/ Robert E. Browne
                                                     Robert E. Browne (No. 0321761)


                                             10 South Wacker Drive, 40th Floor
                                             Chicago, Illinois 60606-7507
                                             Telephone:  (312) 207-2811
                                             Facsimile:  (312) 207-6400


                                             and

                                             Richard B. Walsh, Jr. (No. 6187007)
                                             Michael J. Hickey (No. 6272404)
                                             **LEWIS RICE LLC**
                                             600 Washington Ave., Suite 2500
                                             St. Louis, Missouri  63101
                                             Telephone:  (314) 444-7600
                                             Facsimile:  314) 241-6056


                                             Attorneys for Plaintiff SRAM, LLC